### Doan v. Ball, et al.

(Decided June 25, 1926.)

Appeal from Harlan Circuit Court.

1. Brokers—Agreement Whereby Defendant Employed Plaintiffs to Sell Store and Agreed to Pay Commission if Sold Within 2 Months or Thereafter Until Notified Held Ambiguous as to Whether Commission was to be Paid Only in Event of Sale.—Agreement whereby defendant employed plaintiffs to sell his store and agreed to pay them a commission on the price indicated or other price he might agree to take, if sold within 2 months or thereafter

until notified in writing, held ambiguous as to whether commission was to be paid only in event of sale by them.

2. Brokers.—Where contract with real estate brokers for sale of store on commission basis was ambiguous and drawn by brokers, it must be most strongly construed against them.

3. Principal and Agent.—Where Real Estate Brokers, Employed to Sell Store on 5 Per Cent Commission Basis, Employed Subagent, Who Concealed His Subagency and Sold Store on Basis of $50.00 Commission, which Owner Paid. Held Brokers Cannot Recover Further Commission, Since they Could Not Ratify in Part Only.——Where real estate brokers were employed to sell store on basis of 5 per cent commission, and employed subagent, who concealed his subagency and sold the store on the basis of $50.00 commission, held brokers might not recover further commission, since, if they repudiated subagent's act, sale was not theirs, and, if they ratified it, they ratified agreement for $50.00 commission.

HALL, LEE & SNYDER for appellant.

J. C. BAKER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Appeal granted and judgment reversed.

The appellant, M. H. Doan, was in the summer of 1924 the owner of a store and stock of goods located in Wallins, Kentucky. On July 22, 1924, he entered into a contract with the appellees, C. E. Ball and H. F. Dizney, who were real estate agents in that community, whereby he employed them to sell for him this store and stock of goods for the sum of $8,000.00, and agreed to pay them a commission of five per cent of the price so indicated or any other price that he might agree to take "if sold within two months or thereafter until notified in writing." This contract was on a printed form prepared by appellees, the blanks being filled in with ink by appellee Ball. Appellees at once made efforts to sell this property, and, as the record shows, diligently pursued that object but without success. Some time in the latter part of August, the appellee Ball got in touch with one Doc Saylor, who seems also to have been a real estate agent in that locality. Ball proposed to Saylor that if Saylor would sell this property as a subagent of the appellees, they would split with Saylor the commission which Doan had agreed to pay them in the event of a sale. Saylor agreed to undertake to sell the property on those terms. In the latter part of September, Saylor, who suppressed the fact that he was acting as subagent of appellees, in-

terested Jesse M. Blanton in the purchase of this property and finally secured from him an offer to buy it if it could be purchased for the sum of $7,000.00. Blanton agreed to pay Saylor a commission of $200.00 if Saylor would get the property for him at this price. Saylor then got in touch with Doan and still suppressing the fact that he was acting as subagent of appellees, endeavored to persuade him to take this $7,000.00 for his property. Doan demurred at first on the ground that he was probably tied up with the appellees, but on being assured by Saylor that whatever arrangements he had with the appellees would not stand in the way of this trade, Doan then expressed a willingness to sell but objected to the price offered on the ground that a sale at such a figure would result in a loss to him. Saylor finally offered to charge Doan only a $50.00 commission for the selling of this property if Doan would accept Blanton's offer of $7,000.00, and to this Doan agreed. On the 20th of September, 1924, Doan and Blanton entered into a contract for the sale of the property at $7,000.00, and this contract was carried into execution a few days later by a deed. Doan then paid Saylor the commission of $50.00 Saylor had agreed to charge.

When the appellees learned of this sale they brought this suit to recover the commission provided for in their contract of July 22nd, the theory of their suit being, first, that they had the exclusive right to sell the property during the period covered by their contract and thus were entitled to their commission no matter who sold the property; and secondly, that Saylor in making the sale was their agent and that therefore having sold the property through their subagent they were entitled to the commission sought. Saylor, who testified for the appellees in this case, deposed that he had suppressed the fact of his being the appellees' subagent in this deal; that he had agreed with Doan to sell this property for him for a fifty dollar commission; that he had collected such commission from Doan; that he had agreed with Blanton to buy this property for Blanton for a commission of $200.00 if he could get the property for $7,000.00; that in making the sale from Doan to Blanton he was acting as the subagent of the appellees, and that he was looking for a split of any commission which the appellees might recover in this suit. When asked whom did he represent in this transaction he well answered: "Myself." On in-

structions which were almost peremptory for the appellees, the jury found a verdict for them in the sum of $350.00, and the appellant has filed the record with this court and prayed an appeal.

Appellant insists that he was entitled to a peremptory instruction in this case and to this we agree.

The contract prepared by appellees and which Doan signed does not clearly, if at all, give them the exclusive right, during its term, to sell Doan's property. On the contrary, it is highly ambiguous, and may well be construed as a contract to pay them a commission only in the event that they made a sale of the property. Being ambiguous and having been prepared by appellees, it must, under familiar law, be construed most strongly against them, and to warrant a liability on Doan's part to appellees for a commission only in the event they sold the property. Hence, unless appellees can show that they made a sale of this property, appellees are not entitled to the commission they here seek.

Appellees claim that they did make such a sale through their subagent, Saylor. It is clear though that, if they wish to rest on Saylor's sale of this property as a performance of their contract, they must take the sale as Saylor made it. If they repudiate the acts of Saylor as not being authorized by them or not within the scope of his employment, then Saylor's sale was not their sale. But, if they accept his sale as their sale, they must necessarily ratify and accept what he did. Doan did not know that Saylor was acting as subagent of appellees. He thought Saylor had the right to make the trade he did. Under such circumstances, appellees must take or reject Saylor's acts as they are. 2 C. J. 470, 842, 877. If they reject it, they have no claim against appellant as they made no sale of his property. If they ratify it, then they ratify an agreement to make a sale for a commission of $50.00 which has been paid. Being so paid, Doan is discharged. 2 C. J. 880. On either horn of the dilemma, they must lose.

It therefore follows that the lower court erred in refusing to peremptorily instruct the jury to find for the appellant, and for that reason the motion for an appeal is granted and the judgment is reversed, with directions to proceed in conformity to this opinion.